CITIZENS TITLE INSURANCE AND MORTGAGE COMPANY OF THE CITY OF PASSAIC ET AL., RELATORS, v. ANTHONY PERRAPATO, MAYOR OF THE CITY OF GARFIELD, ET AL., RESPONDENTS.

Submitted January 26, 1934—Decided June 25, 1934.

Before Justices CASE, BODINE and DONGES.

For the relators, *Feder & Rinzler*.

For the respondents, *Richard J. Baker*.

PER CURIAM.

This matter is here on a rule to show cause why a writ of *mandamus* should not issue to compel the city of Garfield to cancel and discharge of record certain taxes assessed against certain lots for the years 1925 to 1931.

The situation appears to be that the Belmont Lumber Company owned certain lands in Garfield; certain streets were laid out across this land; the plan to open these streets was abandoned by the city and the lands deeded back to the Belmont Lumber Company sometime in 1924; no taxes were assessed against the lands so deeded back until 1933 when the omission was discovered and bills were sent to the owner for the period from 1925 to date.

In March, 1929, a mortgage in the sum of $65,000 by the Belmont Company to Citizens Title Insurance and Mortgage Company was placed of record. It is testified by Frederick B. Conant, one of the relators, that in November, 1931, the other relator, Citizens Title Insurance and Mortgage Company, at his request, procured an official tax search of the tax collector, Noonburg, which search did not show the disputed assessment as unpaid. There can be no question about this, because it was not until 1933 that the omission was discovered. Conant says that in reliance on this search he and the other relator advanced moneys to the Belmont Company. Apparently no new mortgage was executed and the security of the mortgage of 1929 was relied upon, although the testimony is not clear on this point. At any rate, it may properly be said, we assume, that the relators

acquired an interest in the property in reliance upon the official tax search.

A *mandamus* is sought under section 14 (*Pamph. L.* 1918, p. 886) :

"Any person who shall acquire for valuable consideration an interest in any lands covered by any such official tax search, in reliance on said tax search, shall hold such interest free from any municipal lien held by the municipality and not shown on such search."

The only question necessary to be dealt with is whether the relators in the present situation are entitled to have the lien canceled of record. Relators are mortgagees and are not the owners of the fee. It is not asserted that foreclosure proceedings have been instituted or that the mortgage is in default. In *Cliffside Park Mortgage Co.* v. *Englewod,* 113 *N. J. Eq.* 146; 166 *Atl. Rep.* 36, relied upon by relators, the mortgagees seeking to have the taxes canceled had become owners of the fee by virtue of purchase at the sale in foreclosure. The taxes were clearly an encumbrance on their interest in the property. Such is not the case here. The mortgage was given as security for a loan or loans. These loans may be paid in full by the borrower and the mortgage canceled of record. If the taxes be canceled in this proceeding, the city will then be unable to collect them against the interest of the Lumber Company.

Under the section above quoted the relators are entitled only to hold their interest free from the lien of the taxes and do not have an absolute right to have the lien canceled of record. Until such time as the interest they acquired in reliance upon the tax search is impaired by the existence of the tax lien, they are not entitled to the relief sought. Such impairment does not now appear, and the right to *mandamus* must be clear.

The rule to show cause is discharged, with costs.